UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES ALBERT NEELY, JR., <br><br> Petitioner, <br><br> v. <br><br> ELDRIDGE PRESSLEY, Warden, <br><br> Respondent. | Case No. EDCV 16-28 DOC(JC) <br><br> ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") and accompanying documents, the submissions in connection with the Motion to Dismiss the Petition, and all of the records herein, including the attached Report and Recommendation of United States Magistrate Judge ("Report and Recommendation"), and petitioner's objections to the Report and Recommendation ("Objections"). The Court has further made a *de novo* determination of those portions of the Report and Recommendation to which objection is made. The Court concurs with and accepts the findings, conclusions, and recommendations of the United States Magistrate Judge and overrules the Objections.

///

Petitioner contends that the Report and Recommendation erroneously found that the statute of limitations on petitioner's ineffective assistance of trial counsel claims accrued when petitioner's conviction became final under 28 U.S.C. section 2244(d)(1)(A), rather than at some later date per section 2244(d)(1)(D). Petitioner asserts that while the ineffective assistance claim involved trial counsel's actions (or failure to act) during the course of petitioner's trial,[1] it is unreasonable to expect petitioner (as a lay person) to know or reasonably discover the factual predicates for an ineffective assistance of counsel claim while petitioner was pursuing his direct appeal. (Objections at 3-5). Petitioner likens his case to Hasan v. Galaza, 254 F.3d 1150, 1155 (9th Cir. 2001), cert. denied, 549 U.S. 904 (2006), and argues that the statute should have a later commencement date (*e.g.*, when he exhausted his ineffective assistance of counsel claim on collateral review). (Objections at 2-5).

While it may seem unreasonable to petitioner's counsel to expect a *pro se* petitioner to know, or discover with diligence, the factual basis for an ineffective assistance of counsel claim prior to the date a conviction becomes final where counsel's challenged actions occurred during or before trial, such is the case here, and it is supported by the law. See, e.g., Ford v. Gonzalez, 683 F.3d 1230, 1234-36 (9th Cir.) (holding that the factual predicates for claims, which included an ineffective assistance of counsel claim for failing to investigate, could have been discovered at the time of trial through the exercise of due diligence; as here, Ford's claims "relie[d] on a factual predicate and speculative inferences therefrom which

---

[1] Petitioner alleges that trial counsel was ineffective for failing to consult or retain expert witnesses, failing to object to assertedly inadmissible evidence, and in failing to offer a defense, formulate a trial strategy, or present any rebuttal witnesses. Petitioner faults counsel for having no strategy and instead relying on the fact that no one witnessed petitioner committing the charged offenses. Petitioner admits that he must "argue by conjecture because trial counsel failed to consult medical, forensic, toxicological, or sexual assault experts." See Memorandum of Law in Support of Petition for Writ of Habeas Corpus filed on January 6, 2016 ("Petition Memo"), Ground 1.

have been present since the trial itself (whether or not they were recognized by anyone)"), cert. denied, 133 S. Ct. 769 (2012); Hasan v. Galaza, 254 F.3d at 1154 n.3 (noting that time begins to run when a *prisoner* knows of the important facts); see generally 28 U.S.C. § 2244(d)(1)(D).  In petitioner's case, petitioner was or should have been aware by his presence at trial of the factual predicates for his claims – *i.e.,* that defense counsel offered no expert witnesses, did not object to certain evidence, and did not present any witnesses or evidence on petitioner's behalf.  Certainly, by the time his conviction became final, petitioner was or should have been aware that his counsel failed to present any evidence in petitioner's defense.  See Documents filed with Notice of Lodgment in 28 U.S.C. § 2254 Habeas Corpus Case ("Lodged Docs."), at 4 (Court of Appeal opinion on direct review summarizing evidence and petitioner's failure to present any evidence in his defense at trial).  Petitioner's is not a case where the facts underlying his claims, as opposed to inferences therefrom or any legal significance, could only be discovered through means unavailable to a *pro se* prisoner.[2]

---

[2] Petitioner had the benefit of present counsel throughout his state habeas proceedings. Counsel filed petitioner's first state habeas petition, which contained petitioner's ineffective assistance of counsel claim, on August 29, 2013.  See Lodged Doc. 7.  Even if petitioner were entitled to a delayed accrual date under section 2244(d)(1)(D), and the Court finds on the present record that petitioner is not so entitled, the latest date of accrual would be the date counsel filed the first state petition.  As noted in the Report and Recommendation, counsel allowed lengthy delays of 149 days and 294 days, respectively, or a total of 443 days, to lapse between the denial of petitioner's state habeas petitions and filing of subsequent (virtually identical) state petitions, compare Lodged Docs. 7, 9, and 11, which would not entitle petitioner to gap tolling during the intervals between filings.  See Report and Recommendation at 6 & n.1.  Assuming a delayed accrual date of August 29, 2013, and further assuming statutory tolling during the pendency of the state habeas petitions (but not the intervals between filings), no days would remain on the limitations period after the denial of petitioner's last state habeas petition.  Counsel waited 238 days after the California Supreme Court denied the last state habeas petition to file the instant Petition.  Any way the Court views at the instant Petition, its untimeliness is not a close question.  Counsel was aware of the alleged failings of petitioner's trial counsel and could have presented them to the state courts and to this Court in a timely fashion.  Counsel simply failed to do so with no explanation other than, perhaps, counsel's misunderstanding of how AEDPA's statute of limitations applies.  Assuming equitable tolling of the limitations period generally is available,

(continued...)

For petitioner to have a persuasive argument for delayed accrual on his ineffective assistance of counsel claim, petitioner must present *facts* suggesting both unreasonable performance and resulting prejudice. Hasan, 254 F.3d at 1154 (citing Strickland v. Washington, 466 U.S. 668, 687-91, 694 (1984)). In Hasan, the petitioner presented evidence of additional facts discovered during a post-trial investigation which gave Hasan reasonable grounds for asserting prejudice from counsel's alleged failure to investigate properly a jury tampering claim. Specifically, Hasan presented evidence of a romantic relationship unknown to petitioner at the time of trial, which, had counsel investigated properly, counsel could have discovered and raised in a new trial motion. The Ninth Circuit remanded Hasan's case for a determination of when, with the exercise of diligence, Hasan could have discovered the relationship or any other factual predicate to support the prejudice prong of his ineffective assistance of counsel claim. See Hasan, 254 F.3d at 1154-55.

Here, unlike in Hasan, petitioner has presented no new facts (as opposed to speculation), to support his ineffective assistance of counsel claims. See Opposition at 4 (counsel noting "it is still unknown what a proper investigation or expert testimony would reveal"). Petitioner argues that counsel was deficient for failing to retain and present numerous proposed experts and to present petitioner in his own defense, yet has offered nothing but unsubstantiated guesses about what any expert retained by the defense could have testified to that would have benefitted the defense. Counsel has not offered a declaration from petitioner about what he would have testified to if petitioner had been called at trial. See Petition Memo at Ground 1, §§ A, C. Without evidence as to what witnesses would have

---

(...continued)
the Court notes that an attorney's miscalculation of AEDPA's limitations period is not sufficient to warrant equitable tolling for untimely claims. See Lawrence v. Florida, 549 U.S. 327, 336-37 (2007) (discussing same).

testified to at trial, a habeas petitioner cannot establish Strickland prejudice for failing to call trial witnesses. See, e.g., Smith v. Adams, 506 Fed. Appx. 561, 565 (9th Cir.) ("[s]peculation about what an expert could have said is not enough to establish prejudice") (quoting Grisby v. Blodgett, 130 F.3d, 365, 373 (9th Cir. 1997)), cert. denied, 133 S. Ct. 2003 (2013); Bragg v. Galaza, 242 F.3d 1082, 1088 (9th Cir. 2001) (petitioner failed to establish prejudice from counsel's alleged failure to investigate where he did "nothing more than speculate that, if interviewed," the witness would have given helpful information), amended, 253 F.3d 1150 (9th Cir. 2001).

    For these reasons and as explained in the Report and Recommendation, the Objections are overruled.

    IT IS HEREBY ORDERED that the Motion to Dismiss the Petition is granted and the Petition and this action are dismissed with prejudice because the Petition is time-barred.

    IT IS FURTHER ORDERED that the Clerk serve copies of this Order, the Report and Recommendation, and the Judgment herein on counsel for petitioner and respondent.

    LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:   February 22, 2017

*David O. Carter*
_____
HONORABLE DAVID O. CARTER
UNITED STATES DISTRICT JUDGE